UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Case No.:  19-00133
Chapter 7

RICHARD TERRY BOURNE
PATRICIA SHAFFER BOURNE

_____ Debtor(s)_____/

**MOTION TO SELL REAL PROPERTY**
**AND PAY SECURED CREDITORS AND TRANSACTIONAL COSTS**
(1031 Roanoke Ct)

---

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 400 West Washington St, Suite 5100, Orlando, Florida 32801 and serve a copy on Arvind Mahendru, Esq., 5703 Red Bug Lake Rd. #284, Winter Springs Florida, 32708 and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice and hearing, and may grant the relief requested.

---

COMES NOW Arvind Mahendru, Chapter 7 Trustee, by and through his undersigned

counsel, and hereby moves for authority to sell certain improved real property and pay secured

lien and transactional costs and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and

   1334.This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A),

   (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and

   Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On January 18, 2019, the Debtor filed this case for relief under Chapter 7 of the United

   States Bankruptcy Code.

5. Arvind Mahendru was appointed Chapter 7 trustee (the "Trustee").

6. The Debtors own real property, by virtue of a deed, located at 1031 Roanoke Ct NE,
   Palm Bay, Florida (the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a

   mortgage lien. By priority, but not including any outstanding property taxes or

   municipal liens, the Property is encumbered as follows:

   The Bank of New York Mellon FKA The Bank of New York, as Trustee for the
   Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-1

8. The Trustee has accepted an offer from Achieve Amazing Investments, LLC (the Buyer)

   to purchase this home in the amount of $208,000.00, as payment in full (subject to Court

   and Lienholder approval).  The current offer was not the only offer on the property but is

   the highest offer. Moreover, the estate believes it is a fair offer for the current economy

   and the length the property has remained on the market.

9. Any real property taxes will be paid prorated.

10. The sale price of $208,000.00, net the closing costs will be enough to satisfy the outstanding lien of Select Portfolio Servicing as disclosed in the short sale approval attached as Exhibit A.

11. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit "B."

### AUTHORITY TO SELL

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

### CONCLUSION

13. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $208,000.00 in exchange for the Property.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property to the purchaser; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property including executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

3

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

| Total Sales/Brokers Commission: | |
|---|---|
| 2% to BK Global | $4,160.00 |
| 4% to Remax Elite | $8,320.00 |
| *commission is anticipated to be shared with cooperating agent | |
| Title Charges: | $1,980.00 |
| Transfer Taxes: | $1,860.50 |
| Other / Debits (*incl. 506(c) surcharge*) | $11,450.00 |
| Satisfaction of Liens: | |
| (home mortgage) | $179,283.08 |

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration and other variable factors, and

D. Granting the Trustee such other and further relief as is just and proper.


Respectfully submitted,

 /s/ Arvind Mahendru
Arvind Mahendru, Esq.
5703 Red Bug Lake Rd. #284
Winter Springs, FL 32708
407-504-2462

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to all parties listed below and on the attached mailing matrix this July 10, 2019.

<u>/s/ Arvind Mahendru</u>
Arvind Mahendru