ORDERED.

Dated:  August 06, 2019

*Karen S. Jennemann*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                              Case No.: 6:19-00133
                                                                                          Chapter 7
RICHARD TERRY BOURNE
PATRICIA SHAFFER BOURNE

<u>Debtors                                         </u>/

### AGREED ORDER GRANTING MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS AND TRANSACTIONAL COSTS
(1031 Roanoke Ct )

THIS CASE came before the court to consider Chapter 7 Trustee, Arvind Mahendru's ("<u>Trustee</u>") *Motion to Sell Real Property and Pay Secured Creditors and Transactional Costs* (the "<u>Motion</u>") (Dkt. No. 26). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; and the Secured Creditor has consented to the Motion (DE #27). Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.
2. The Motion is GRANTED.
3. The Trustee is authorized to sell the real property located at:

   1031 Roanoke Court Northeast, Palm Bay, FL 32907
   PORT MALABAR UNIT 45 LOT 8 BLK 2355 (the "Property").

4. The Trustee is authorized to pay the servicer for the secured mortgage creditor, Specialized Loan Servicing LLC, ("Secured Creditor") the amount of their lien as of the date of closing or other amount agreed to in writing by Specialized Loan Servicing LLC to release their lien.

5. The sale is specific to the Buyer referenced in Trustee's Motion to Sell at a gross purchase price of $208,000.00; and contingent upon full compliance with the Secured Creditor's Conditional Approval Letter ("Approval Letter") dated July 8, 2019.

6. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Achieve Amazing Investments, LLC and/or its assigns or other disinterested, bona fide purchaser (the "Buyer") with the consent of Secured Creditor.

7. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
|     2% to BK Global | $4,160.00 |
|     4% to Remax Elite | $8,320.00 |
| *commission is anticipated to be shared with cooperating agent | |
| Title Charges: | $1,904.74 |
| Transfer Taxes: | $1,560.00 |
| Other / Debits (*incl. 506(c) surcharge*) | $11,584.69 |
| Satisfaction of Liens: | |
|     (home mortgage) | $179,279.79 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the written consent of the lienholder, Secured Creditor.

8. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

9. The Trustee is authorized to pay the real estate agent's fees in the total amount of $12,480.00 or 6% of the gross sale price from the proposed sale of the property.

10. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

11. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

12. The 14-day appeal period provided for under B.R.C.P. Rule 6004(h) be waived so that the sale of the Real Property may close immediately upon the entry of an order granting the instant motion.

###

Arvind Mahendru, Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.